IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| BOBBY LUCKY, #1048046 § | |
| § | |
| V. § | CIVIL ACTION NO. G-06-105 |
| § | |
| DOUG DRETKE, DIRECTOR, TEXAS § | |
| DEPARTMENT OF CRIMINAL JUSTICE, § | |
| CORRECTIONS INSTITUTIONS DIVISION § | |

### REPORT AND RECOMMENDATION

Before the Court is the Application of Petitioner Bobby Lucky for the issuance of a Writ of Habeas Corpus. Petitioner, an inmate at the Wayne Scott Unit at the time this action was filed, challenges disciplinary case number 20050268943, in which he was found guilty of refusing to turn out for his work assignment without a legitimate reason. Punishment included thirty days of special cell restriction and a loss of 120 days good-time. Having reviewed the instant petition, supplemental pleading and a complete copy of the disciplinary record filed by the Texas Attorney General, via a *Martinez* report, this Court now makes the following recommendation to the District Judge.

The sworn affidavit of Ms. Gwen Stanford, Assistant Administrator of Offender Grievances for the Texas Department of Criminal Justice, states: "The Offender Grievance Office keeps copies of a ll processed grievances filed by offenders. Because no grievance records were located appealing disciplinary case # 2005069843, Offender Bobby Lucky did not file a grievance appealing disciplinary case # 2005069843."

28 U.S.C. § 2254(b)(1)(A) specifically provides, *inter alia*, that an application for writ of habeas corpus on behalf of a person in custody shall not be granted unless the applicant has

1

exhausted his state court remedies. Though Petitioner is not required to present his claims to the Texas Court of Criminal Appeals,[1] he is required to exhaust or complete the administrative appeal process in the Texas Department of Criminal Justice, Corrections Institutions Division. This requirement follows the traditional doctrine of exhaustion that allows state courts to be previously apprised of the same facts and legal theories urged by a Petitioner in a federal application. *Brown v. Estelle*, 701 F.2d 494 (5th Cir. 1983). In the context of prison administration, this requirement affords proper deference to prison officials' decisions and administration of the prison system. *See Sandin v. Conner*, 515 U.S. 472 (1995). The TDCJ-ID grievance committee must be given an opportunity to consider the same factual grounds under the identical legal theories before Petitioner is permitted to bring his constitutional claims to this Court. In this case, TDCJ officials were not afforded the opportunity to review Petitioner's claims because he did not appeal the findings of the disciplinary committee. **Having failed to exhaust administrative remedies, Petitioner is barred from bringing the above-styled Petition before this Court for federal habeas relief**.

Accordingly, for the aforementioned reasons, it is the **RECOMMENDATION** of this Court that the instant Petition for Writ of Habeas Corpus be **DISMISSED with prejudice**.

The Clerk shall send copies of this Report and Recommendation to the Petitioner, who has until **June 20, 2006**, in which to have his written objections and/or proof of exhaustion, **physically on file** in the Office of the Clerk. <u>The Objections shall be mailed to the Clerk's Office in Galveston, Texas 7753 at P.O. Drawer 2300</u>. Any Objections filed shall be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate

---

[1] The Texas Court of Criminal Appeals will not entertain challenges to prison disciplinary proceedings of the denial of good conduct time credit under the Prison Management Act. Ex parte Palomo, 759 S.W.2d 671, 674 (Tex.Crim.App. 1988); Ex parte Brager, 704 S.W.2d 46 (Tex.Crim.App. 1985).

Judge", which will then be forwarded to the District Judge for consideration. Failure to file written objections within the prescribed time shall bar an aggrieved party from attacking on appeal the proposed factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this the ____2nd____ day of June, 2006.

John R. Froeschner
United States Magistrate Judge